**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICHARD GARZA,

       Petitioner- Appellant,

v.

WYOMING STATE PENITENTIARY
WARDEN,

       Respondent - Appellee.

No. 13-8032
(D.C. Civ. No. 2:12-CV-00097-NDF)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Petitioner Richard Garza, a state prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C.

§ 2254 motion. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal "the final

order in a habeas corpus proceeding in which the detention complained of arises out of

---

    **\*** This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Mr. Garza is proceeding pro se, we construe his pleadings liberally. *See
Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d
972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally;
this rule of liberal construction stops, however, at the point at which we begin to serve as
his advocate.").

process issued by a State court"). He also seeks leave to proceed *in forma pauperis.* Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I. **BACKGROUND**

In 2008, a Wyoming state court jury convicted Mr. Garza of two counts of second-degree sexual assault under Wyo. Stat. Ann. § 6-2-303(a)(v). He was sentenced to consecutive prison terms of 11-15 years and 10-12 years. The Wyoming Supreme Court affirmed his conviction and sentence on May 19, 2010.[2]

On May 23, 2011, Mr. Garza filed a petition for post-conviction relief. The Wyoming state district court dismissed his post-conviction petition on January 12, 2012, leaving Mr. Garza 15 days to file a "*petition for a writ of review* . . . with the reviewing court" under Wyoming's Rules of Appellate Procedure. Wyo. R. App. P. 13.03(a) (emphasis added).

Instead of filing a petition for a writ of review to the Wyoming Supreme Court, Mr. Garza instead filed a notice of appeal in the district court, dated January 24. On February 9, 2012, 13 days after the expiration of the 15-day filing window, Mr. Garza filed a petition for a writ of review in the Wyoming Supreme Court. On February 28, 2012, the Wyoming Supreme Court issued an order denying the petition without a merits analysis.

---

[2] The relevant underlying facts are summarized in the Wyoming Supreme Court opinion, *Garza v. State*, 231 P.3d 884, 886 (Wyo. 2010). We do not repeat them here.

On May 14, 2012, Mr. Garza filed a 28 U.S.C. § 2254 motion to vacate his sentence. The federal district court dismissed Mr. Garza's § 2254 motion as time-barred, *see* 28 U.S.C. § 2244(d)(1), and ruled that Mr. Garza had not demonstrated a basis for equitably tolling the one-year statute of limitations. Finally, the district court denied Mr. Garza's request for a COA and his motions for judgment on the pleadings and for clarification. Mr. Garza filed in this court a timely request for a COA to challenge the district court's denial of his § 2254 motion.

## II. **DISCUSSION**

A COA is a jurisdictional prerequisite to this court's review of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To receive a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Mr. Garza's habeas petition on procedural grounds, he must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations to file motions under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The limitation period typically begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Mr. Garza's one-year period commenced on

- 3 -

August 18, 2010, the day after his time to petition for a writ of certiorari to the United States Supreme Court expired.

Petitioners can toll the statute of limitations by filing an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." § 2244(d)(2). The time is tolled as long as the "*properly filed* application . . . is pending." *Id.* (emphasis added). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including timeliness. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Mr. Garza's timely petition for post-conviction relief from the Wyoming state courts tolled the one-year statute of limitations while that action was pending, which began on May 23, 2011. *See* 28 U.S.C. § 2244(d)(2). The petition was dismissed on January 12, 2012, leaving Mr. Garza 15 days to file a petition for writ of review to the Wyoming Supreme Court. Mr. Garza's January 24, 2012 notice of appeal was not "properly filed" because it was the wrong document. His February 9, 2012 petition for a writ of review was not "properly filed" because it was untimely. His post-conviction process was therefore no longer pending once the 15-day limit expired without a proper filing from Mr. Garza. Accordingly, the statute of limitations resumed running on January 28, 2012, making his § 2254 motion due on April 24, 2012. Because Mr. Garza submitted his § 2254 motion to prison officials for mailing on May 10, 2012, several weeks after the April 24 deadline, his motion was time-barred.

Mr. Garza attempts to avoid the time bar through equitable tolling. "[I]n rare and exceptional circumstances" equitable factors permit the tolling of AEDPA's one-year

statute of limitations. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted). Mr. Garza can avoid the time bar only if he can show (A) that he is actually innocent, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); or (B) that he has diligently pursued a judicial remedy but extraordinary circumstances beyond his control prevented him from meeting the deadlines, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[E]quitable [tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). Mr. Garza argues that equitable tolling should apply for both reasons.

## A. *Actual Innocence*

Actual innocence serves more as an exception to the statute of limitations altogether than simply as a factor to toll the clock. *McQuiggin*, 133 S. Ct. at 1931. "In other words," if a defendant can make "a credible showing of actual innocence," he may pursue his § 2254 motion even if the statute of limitations has expired. *Id.* Defendants like Mr. Garza who challenge their state court convictions and "assert convincing actual-innocence claims" need not "prove diligence" to have their claims heard in federal court, but "timing [is] a factor relevant in evaluating the reliability of a petitioner's proof of innocence." *Id.* at 1935.

For the actual innocence exception to apply, Mr. Garza must "support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). He must also "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 133 S. Ct. at 1935. (quotations omitted).

Mr. Garza provided the district court with a sworn affidavit from the victim, recanting her initial accusation of him, as well as supporting affidavits from the victim's mother. He also provided medical articles that he contends discredit testimony from the nurse who examined the victim. But this evidence is not new. Mr. Garza presented this evidence to the Wyoming state district court in his motion for a new trial there. The state court viewed this evidence with suspicion because the writing style of the affidavit was not that of a 10-year-old girl like the victim and because the original testimony of the nurse was credible and corroborated the victim's original accusation. The court concluded that a new trial was inappropriate. In reviewing that decision, the Wyoming Supreme Court determined that "the district court judge exercised sound discretion in denying Garza's motion for a new trial." *Garza*, 231 P.3d at 889.

The evidence that Mr. Garza presented to the district court in support of his actual innocence is not new or reliable. The Wyoming state courts evaluated this evidence and deemed it unreliable. The evidence therefore does not provide a basis for Mr. Garza's claim of actual innocence in his § 2254 motion.

## B. *Extraordinary Circumstances*

Mr. Garza also maintains that he vigorously sought judicial remedies, but he mistakenly filed a notice of appeal instead of immediately filing a petition for a writ of review with the Wyoming Supreme Court. Mr. Garza argues that his petition for writ of review to the Wyoming Supreme Court was delayed because of his ignorance of the procedural rules and because the Wyoming State Penitentiary ("WSP") did not provide him with adequate access to relevant law.

Mr. Garza has arguably shown that he "diligently pursue[d] his federal habeas claims." *Gibson*, 232 F.3d at 808. Except for his filing of a notice of appeal when he should have filed a petition for writ of review to the Wyoming Supreme Court, all of his filings would have been timely. If diligence were the only condition for equitable tolling, he would satisfy the test. But that is not the case. Equitable tolling requires the defendant to show both "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (emphasis added). We therefore turn to whether uncontrollable circumstances prevented Mr. Garza from filing the correct document in the correct court on time.

Mr. Garza argues he was unaware of the procedures for filing, and the law library did not provide him with the needed information. But "ignorance of the law . . . [does] not relieve [him] from the personal responsibility of complying with the law." *United States v. Denny*, 694 F.3d 1185, 1191 (10th Cir. 2012) (quotations omitted), *cert. denied*, 133 S. Ct. 1276 (2013). Mr. Garza must show that the prison actively "prevented him from learning about" the procedural rules for this argument to merit equitable tolling.

*Gibson*, 232 F.3d at 808 (holding that delays caused by prison inmate law clerk and law library closures did not justify equitable tolling). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Mr. Garza had access to materials from a law library, a computer running LexisNexis, and a fellow inmate who helped him with his filings. He has not shown how the WSP directly prevented him from following proper procedures for filing either his petition for a writ of review with the Wyoming Supreme Court or his § 2254 motion, both of which were late. He therefore has not made an adequate showing that equitable tolling should apply.

## III. **CONCLUSION**

Mr. Garza has failed to demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that his § 2254 motion is time-barred and not subject to equitable tolling. *Slack*, 529 U.S. at 484. We therefore deny Mr. Garza's application for a COA and dismiss this matter. We also deny his request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge